UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REED STANLEY BERRY,<br><br>Defendant.<br>_____/ | No.   1:11-CR-287<br><br>Hon.  Robert Holmes Bell<br>United States District Judge |

## PLEA AGREEMENT

This constitutes the plea agreement between REED STANLEY BERRY and the U.S. Attorney's Office for the Western District of Michigan.  The terms of the agreement are as follows:

1.  <u>The Defendant Agrees to Plead Guilty to the Indictment</u>.  The indictment charges the Defendant with Assault with a Dangerous Weapon Against a Federal Officer, in violation of Title 18, United States Code, Sections 111(a)(1) and (b).

2.  <u>The Defendant Understands the Crime</u>.  In order for the Defendant to be guilty of violating Title 18, United States Code, Sections 111(a)(1) and (b), the following must be true: (1) the Defendant must have forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with the FBI agent named in the Indictment; (2) the assault must have been on account of, or while the agent was engaged in, the performance of his official duties; (3) the Defendant must have had the intent to assault,

resist, oppose, impede, intimidate, or interfere with, the agent; and (4) the Defendant must have used a deadly or dangerous weapon in the course of the assault. The Defendant is pleading guilty because he is guilty of the charge described above.

3. **The Defendant Understands the Penalties.** The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 111(a)(1) and (b), is the following: imprisonment for 20 years; a three-year period of supervised release; a fine of $250,000; and a mandatory special assessment of $100. The Defendant agrees to pay the special assessment at or before the time of sentencing, unless the Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

4. **The Sentencing Guidelines.** The Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing the Defendant. The Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. The Defendant understands that the Defendant and the Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. The Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. The Defendant further understands

that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

5.    Factual Basis of Guilt.    The Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts, which need not be proven at the time of the plea or sentencing: **(1)** On September 9, 2011, Samuel J. Moore was a special agent (SA) of the FBI, and he was on-duty in Berrien County, in the Southern Division of the Western District of Michigan; **(2)** SA Moore's assigned official duty on September 9 was to assist in the conduct of maintaining around-the-clock physical surveillance of Defendant over the weekend of September 11, 2011; **(3)** At some point on September 9, and prior to his assault against SA Moore, Defendant became aware that he was under FBI surveillance; **(4)** at approximately 11:00 pm on September 9, SA Moore was using an official FBI vehicle to follow Defendant as Defendant drove towards his home from a location in Benton Harbor, Michigan; **(5)** Defendant brought his vehicle, a full-size four-door-sedan, to a stop in the roadway, and SA Moore also stopped his vehicle four to five car-lengths behind Defendant; **(6)** after remaining stationary for several minutes, Defendant suddenly put his car into reverse and accelerated backwards directly at SA Moore's vehicle at a high rate of speed; **(7)** by aggressively accelerating and steering out of the way of Defendant's vehicle, SA Moore was able to avoid having the front of his vehicle struck by the rear of Defendant's vehicle; **(8)** Defendant's action was intentional, and was not the result of mistake or accident; **(9)** by using his vehicle as described, Defendant used it in a forcible manner capable of causing serious bodily injury to SA Moore; **(10)** at the time of the assault,

Defendant believed that SA Moore was in fact an agent of the FBI performing his official duties, and by using his vehicle as described, Defendant intended to assault, resist, oppose, impede, intimidate, or interfere with SA Moore.

6. <u>Waiver of Constitutional Rights</u>.   By pleading guilty, the Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court.  As a result of the Defendant's guilty plea, there will be no trial.  At any trial, whether by jury or by the Court, the Defendant would have had the following rights:

   a. The right to the assistance of counsel, including, if the Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent the Defendant.

   b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove the Defendant guilty beyond a reasonable doubt.

   c. The right to confront and cross-examine witnesses against the Defendant.

   d. The right, if the Defendant wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

   e. The right not to be compelled to testify and, if the Defendant chose not to testify or to present evidence, the right to be protected from having that choice used against his at trial.

By pleading guilty the Defendant also gives up any and all rights to pursue any affirmative defenses, including, but not limited to:  alibi, statute-of-limitations, duress,

entrapment, coercion, and insanity. The Defendant also gives up the right to raise any Fourth Amendment or Fifth Amendment issues, along with any other issues that could have been raised by pretrial motion.

7.  **The United States Attorney's Office Agrees**: The U.S. Attorney's Office agrees not to oppose the Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by the Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that the Defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

8.  **Absence of Non-prosecution Agreement**. The Defendant understands and acknowledges that the Government is **NOT** promising that he will not be prosecuted for additional offenses separate from the assault charged in the Indictment. To the contrary, Defendant understands that the larger investigation that was underway when Defendant committed the charged assault has continued, and acknowledges that the U.S. Attorney's Office has made it clear to him that it intends to seek approval from higher authority, consistent with Justice Department policy, to bring charges based on that larger investigation.

9. **Consequences of Breach**.  If the Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement and to deny the Defendant any or all benefits to which he would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement on such grounds, then the agreement shall be considered null and void, the parties shall return to the position they were in prior to the execution of this agreement, and the prosecution shall proceed as if the agreement had never existed.  In such an event, the Defendant shall remain liable for prosecution on the original charge, and the United States shall be free to bring that charge as part of the larger prosecution referred to in paragraph 8 of this agreement.  The Defendant further agrees to waive and forever give up his right to raise any claim that any such prosecution is time-barred, provided that such prosecution were brought within one (1) year of the breach that gives rise to the termination of this agreement.

10. **The Court Is Not a Party to This Agreement**.  The Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed.  The Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, the Defendant cannot, for that reason, withdraw his guilty plea and he will remain bound to fulfill all of his obligations under this agreement.  The Defendant understands that no one – not the prosecutor, the Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence that the Defendant will receive, except that it will be within the statutory maximum.

11. <u>This Agreement Is Limited to the Parties</u>.  This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan and cannot bind any other Federal, State or local prosecuting, administrative or regulatory authority.  This agreement applies only to crimes committed by the Defendant.

12. <u>This Is the Complete Agreement</u>.  This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties.  No other promises have been made, nor may any additional agreements, understandings or conditions be made or entered into unless memorialized in a writing signed by all parties or on the record in open court.

                DONALD A. DAVIS
                United States Attorney
                Western District of Michigan

7 Nov 2011
Date

                HAGEN WALTER FRANK
                Assistant United States Attorney
                Western District of Michigan

7

I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this

agreement. Finally, I am satisfied with the representation of my attorney in this matter.


12-12-11
Date

REED STANLEY BERRY
Defendant


I am REED STANLEY BERRY'S, attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.


12-12-11
Date

ELIAS MUAWAD, Esq.
Attorney for Defendant