UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No: 1:11-CR-287
Hon: Robert Holmes Bell

-v-

REED STANLEY BERRY,

    Defendant.

---

| | |
|---|---|
| Hagen W. Frank<br>Assistant U.S. Attorney<br>Western District of Michigan<br>U.S. Department of Justice<br>330 Ionia Ave. NW<br>Grand Rapids, MI 49503<br>616-456-2404<br>Hagen.Frank@usdoj.gov | Elias Muawad (P41632)<br>Attorney for Defendant<br>36700 Woodward Ave, Ste. 209<br>Bloomfield Hills, Michigan 48304<br>(248) 594-4700/Fax: (248) 594-4701<br>elias@muawadpc.com |

---

## DEFENDANT'S SENTENCING MEMORANDUM

### INTRODUCTION

Mr. Berry pled guilty to Assault with a Dangerous Weapon against a Federal Officer in violation of 18 USC §111(a)(1) and(b).

As this court knows, on October 6, 2011 an Indictment was filed against Mr. Berry on the charges that he pled guilty to.

On December 12, 2011, Mr. Berry pled guilty before this Honorable Court.

It is requested that not only the Defendant get the 2 level reduction on his offense for acceptance of responsibility but also another reduction for timely notifying the authorities of intention to plea and accept the Government's motion to grant an additional one level reduction.

### PROCEDURAL SENTENCING FRAMEWORK

In Kimbrough v. the United States, 128 S.Ct. 558, 570 (2007), the Supreme

Court reaffirmed the sentencing regime it announced in the United States v. Booker, 534 U.S. 220 (2005), which requires District Courts to consider the advisory guidelines, but also permits the District Courts to tailor a sentence in light of the other statutory concerns set forth in 18 U.S.C. §3553(a). Under §3553(a), District Courts are directed to impose the minimally-sufficient sentence to achieve the statutory purpose of punishment, justice, deterrents, incapacitation and rehabilitation by imposing a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in 18 USC §3553(a)(2). See Kimbrough, 128 S.Ct. @ 570 and 18 U.S.C. §3553(a).

After properly calculating the advisory range under the sentencing guidelines, a factor which serves as only the "starting point" or "initial benchmark,", District Courts must then consider each of the §3553(a) factors to impose a sentence sufficient, but not greater than necessary, to fulfill the purpose of sentencing. See Gall v. United States, 128 S.Ct 586, 596-97 (2007). The Supreme Court has explained that District Courts may not presume the advisory guideline range to be reasonable. Id at 596. Further, the advisory guideline range is to be given no greater weight than any other §3553(a) factor. Id at 602. The Supreme Court has rejected an appellate rule requiring extraordinary circumstances of the use of a mathematical formula to justify a sentence within or outside the guideline range. Id at 595.

District Courts are afforded sentencing discretion because it is the District Courts who are "in a superior position to find facts and judge their in court under §3553(a) in the individual case. See Gall, 128 S.Ct. at 598. The District Court "judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." Id.

Furthermore, under 18 USC §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of the person convicted of an offense, that is a court may consider for the purposes of imposing an appropriate

sentencing." Thus, "when a party raises a specific, non frivolous argument tethered to a relevant §3553(a) factor in support of a requested sentence, then the judge should normally explain why he (or she) accepts or rejects the party's position." Rita v. United States, 127 S.Ct. 246, 248 (2007).

APPLICATION OF 18 U.S.C. §3553(a) SENTENCING FACTORS

1. NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT.

In a nutshell, Mr. Berry at the time of this incident did reside with his father, Richard Berry. Because this attorney has been close to both the father and the Defendant, it can be stated that both father and son are close.

The Defendant's father does live and reside in St. Joseph, Michigan and is a photographer. The Defendant's mother lives in Rodgers, Arkansas and the Defendant also has a brother who resides in Newport Beach, CA as a mechanical engineer.

The Defendant's parents did divorce in 1994 while Mr. Berry was attending Upton Middle School and he states that he was an average student and was even involved in athletics.

Mr. Berry's troubles somewhat started when he went to high school and admits to hanging out with kids who were not the greatest people to hang around with. Mr. Berry also recognizes to this Court that he is his own master as to what his future holds.

Mr. Berry did meet a woman named Fiza Hussain in August of 2010 where they began communicating and it was Mr. Berry's desire to marry Ms. Hussein in the Muslim tradition. Ms. Hussain resides in London, England.

Mr. Berry did plead guilty to a drug charge and was incarcerated in the Michigan Department of Corrections for around 18 months.

This attorney was contacted by the Defendant and his father and had several meetings with the Defendant and his father regarding what was going on and the

allegations against Mr. Berry regarding some terrorism activities.

Essentially, the allegations from what could be gleaned through the search warrant by the Government was that Mr. Berry had been on the internet corresponding with persons who the Government believes was a threat to national security and as a result did obtain a search warrant for the search of his house.

It should be noted to the court that as of the date of writing this Sentence Memorandum, Mr. Berry has not been Indicted on any terrorism charges and it is this writer's belief that what Mr. Berry was doing based upon the search warrant was protected under the First Amendment and does not rise to any level of material support for terrorism.

It is asked that this Court in deciding Mr. Berry's fate, not take into account claims by the Government that have not been substantiated and which there has been no Indictment against Mr. Berry.

Also, attached to the Sentence Memorandum are various letters regarding Mr. Berry's life.

There is a letter from Ryan Berry who is Defendant's biological brother, Jane Schafer who is Mr. Berry's step aunt, Bill Coryn and Carol Coryn who are parents of Julie Berry, Reed Berry's stepmother, Tracy Cromwell who is Reed Berry's cousin, Christine Cromwell who is Reed Berry's aunt, Julie Berry who is Reed Berry's stepmother, and finally, Dick Berry who is Reed Berry's father.

It is hoped that this Court take these letters into consideration as mitigating factors in going below the recommended guidelines.

2.  OTHER FACTORS.

Both this attorney and the Defendant believe that this is a serious offense and believe that a deterrence can be effectuated with a sentence that is under the recommended guidelines. What makes Mr. Berry's guidelines higher obviously is the

prior criminal history which is counted towards giving Mr. Berry a more lucrative sentence recommendation then he would have had he not had a criminal history.

Either way, we know that in this case there were no weapons such as a gun or knife used (Defendant acknowledges that a car is a weapon) and that Mr. Berry had never been involved in any illicit sexual conduct behavior.

What this attorney can tell the Court regarding Mr. Berry's actions is that he was frustrated. He was a frustrated because he found out that he was on the no fly zone and could not go to England to meet, what he believed was the love of his wife who shared a lot of common interests and also was frustrated with the fact that he was being followed. Obviously, what he did was wrong and Mr. Berry has stated that he was wrong and has remorse for it and has even stated that it was improper to put the police officer in jeopardy of his life. In Mr. Berry's mind, he felt like a caged animal and the reaction was unfounded. It is believed that even a sentence under the recommended guidelines can rehabilitate Mr. Berry especially with assisted supervised probation.

## OTHER MITIGATING FACTORS

The Pre-Sentence Report does show that Mr. Berry does have a GED. Mr. Berry does in paragraph 30 of the Pre-Sentence Report believe that he had control over his actions and that he reported his behavior represented a lapse in judgment and did not channel his frustrations in the right way. Mr. Berry did regret what he did and believes that Special Agent Moore did not deserve to feel afraid because he didn't want him to.

There is a disagreement on paragraph 27 which states that the offer to being re-interviewed by the Probation Officer was eventually declined. What happened was that the Probation Officer did contact this attorney. This attorney made a vital mistake which I accept responsibility for in not appearing at the Pre-Sentence Interview. Even though, this attorney did call Agent Dingwall about a week to a week and half later and

advised him that Mr. Berry did want to re-interview but it was determined by both that maybe the Probation Report was complete and nothing else would be said.

This attorney is not at all insinuating any wrongful conduct by Mr. Dingwell who has been very pleasant to deal with. However, when you look at paragraph 27 and then you look at paragraph 30 and 31 of the report, Mr. Berry has accepted responsibility for his behavior and has admitted his involvement in the instant offense.

This attorney takes full responsibility for not being at the interview and believes that it should not be taken out on Mr. Berry but taken out on this attorney if this court chooses to.

Paragraph 73 sums it up in that Mr. Berry plans to get a college degree in computers or history, secure employment, and live a life free of trouble. This is all he ever wanted but unfortunately went about it the wrong way.

## CONCLUSION

It is respectfully requested that this Honorable Court take all of the above into consideration and deviate from the recommended guidelines and go under the guidelines and allow Mr. Berry to complete some incarceration with a strong supervised release.

Dated: April 10, 2012                                      Respectfully submitted,

                                         /s/ Elias Muawad
                                         Elias Muawad (P41632)
                                         Attorney for Defendant
                                         36700 Woodward Ave, Ste 209
                                         Bloomfield Hills, Michigan 48304
                                         (248) 594 - 4700
                                         elias@muawadpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2012 , I electronically filed the above document and this Certificate of Service with the Clerk of the Court using the ECF System, which will send notification of such filing via electronic means to the following:

HAGEN FRANK:     Hagen.Frank@usdoj.gov
U.S. Attorney

/s/ Elias Muawad
Elias Muawad  (P41632)
Attorney Defendant
36700 Woodward Ave., Suite 209
Bloomfield Hills, MI 48304
(248) 594-4700
elias@muawadpc.com

Ryan R. Berry
21661 Brookhurst Street
Apt.235
Huntington Beach, Ca 92646

January 31st, 2012

US District Court Western District of Michigan
110 Michigan St NW # 602
Grand Rapids, MI 49503

Character letter for Reed Stanley Berry

Dear Honorable Judge Bell,

My name is Ryan Berry and I am Reed Berry's biological brother.

An anonymous source once said that, "reputation is what the world thinks a man is; character is what he really is." Based on legal documentation and records, one could argue that Reed has a "tarnished" reputation.

It isn't a secret. Reed has made many mistakes in his life based on decisions that we as his family have personally witnessed. These decisions have discolored Reed's reputation, and have allowed outside observers the ability to classify Reed as a misfit, or nuisance to society. What the casual outside observer doesn't know, is the actual person Reed is and who he is striving to be every day.

The casual observer isn't able to see the caring young man that my brother truly is. They weren't able to witness the time where my brother stuck up for me at church when our peers were laughing because I couldn't say the word, "evangelical." They weren't able to witness the countless hours Reed spent at his Church worshipping the God that he believes in, and assisting any way he could to help the other members of the Church. They also aren't able to witness the passion and pride that Reed puts forth when he truly sets his mind to a task or goal.

I feel that given the opportunity, Reed has the ability to become a beneficial member of society and impact this world in a positive way. That is the reason why--when considering one's future--we shouldn't look at everything that has happened in the past to predetermine one's future. I feel that Reed needs to be given a fair chance to show the world who he really is. In my opinion--given the chance--the world will see a person who is caring, intelligent, and selfless. An individual who is dying to start a new life with people that he loves and cares about.

I hope that you take my words and my family's words into deep consideration. Reed's reputation may be tarnished up to this point, but no actions can tarnish the type of person that Reed is and who he is striving to be. Given the chance, the world will see the true reputation that Reed is trying to portray--a reputation that matches his character.

Thank you for your consideration,

*[signature]*

Ryan R. Berry

Mrs. Jane Schaefer
201 N. Merrifield Ave
Mishawaka, IN  465444

January 29, 2012

US District Court Western District of Michigan
110 Michigan St NW 602
Grand Rapids, MI 49503

Dear Honorable Judge,

I, Reed Berry's step-aunt, have been a part of Reed's life for about 15 years. I'm writing to you to provide additional insight into the life of Reed Berry, as you prepare to make decisions about his sentence, and ultimately his future.
Reed was about 10 years old when I first met him. He has always been a polite and inquisitive young man who was never shy about sharing his passion for learning. He went through a period of wanting to learn about World War II and trying to understand the conflict that drove us to war. He would watch historical documentaries about WWII, read extensively on the subject, and wanted to engage others in conversation about it. Even at that age, he demonstrated remarkable insight and truly felt remorse for the atrocities of WWII.

Reed has always preferred to have a small group friends through his adolescence and early adult hood. This time period of his life proved to be quite challenging for Reed and unfortunately, it was during this time, that he learned firsthand that there are consequences to the decisions he made. He served his time in jail with respect and dignity, and on many occasions, his parole officer acknowledged for his exemplar behavior.

Reed is a loving and caring person who does not want to hurt others, but rather he is driven to defend and support those who he feels are not treated fairly. My son Alex, his cousin, is but one of many that have been lucky to have Reed "on their side". Alex has always been an energetic young man. When the other boys would tire of Alex's energy, Reed would offer to continue to play with him, entertain him, and really connected with him. He understood Alex was different than the other boys, and he respected that about Alex. I overheard several conversations between Reed and Alex, in which Reed would encourage him to "focus that energy into doing good".

I do not want to refute the seriousness of Reed's situation, or attempt to negate the allegations made against him. Taking responsibility for one's actions and decisions demonstrates maturity, and Reed has accepted this. He is not a threat to society, nor a threat to our country. He is passionate about his beliefs, and with the right support, he can do much good. People make poor decisions, but people can also learn from poor decisions and recognize it as an opportunity for personal growth and improvement. Reed Berry is one of these people. He possesses extreme potential to do much good in the world, if given the chance.

Thank you for your consideration.

*Jane Schaefer*
Jane Schaefer

William and Carol Coryn
1203 Foxglove Ct.
Mishawaka, IN 46545

January 29, 2012

US District Court Western District of Michigan
110 Michigan St NW 602
Grand Rapids, MI 49503

Dear Honorable Judge,

    We are the parents of Julie Berry, Reed Berry's stepmother. I guess that makes us Reed's "step-grandparents", however he treats us as if we were his biological grandparents and we feel the same way about him. When our daughter married his father there was a blending of families that is often difficult for the young children involved, and we're sure that was the case for Reed. He was a bit slow to warm up to us but after a relatively brief and patient adjustment period, he became a very warm and loving grandson.

    We are very aware of the poor choices and bad decisions Reed has made over his short life, and needless to say, we were very upset and frightened for him when he had to spend time in prison, but we were equally pleased and proud of him when he came home from his incarceration and we could see the change in him. We saw that he had matured to the point that he accepted the responsibility for his past mistakes and was now trying to make plans for a responsible and productive future. He took classes at a local Community College and began socializing with a new and more positive group of friends. This enabled him to get a job and he was very reliable and responsible, performing his duties to the complete satisfaction of his employer and his fellow workers. He saved his money and was planning for his future. He broke ties with all the people from his past that he knew could lead him back to old habits. It appeared to us that he was preparing to start a new and better life.

    Reed is extremely intelligent and while he has lacked good judgment sometimes in the past, we feel he has learned from his mistakes. We feel very strongly that he is no threat to society in any way. He is so caring about all people that he couldn't knowingly do anything to hurt anyone. If given the chance, we feel he could, in fact, be just the opposite. He could be an asset to society.

    Thank you for your consideration,

                                          Bill and Carol Coryn

                                          *Bill Coryn*
                                             *Carol Coryn*

Traci Cromwell
622 Jonquil Ave
Lisle, IL 60532
January 23rd, 2011

US District Court Western District of Michigan
110 Michigan St NW # 602
Grand Rapids, MI 49503

Character letter for Reed Stanley Berry

Honorable Judge Bell.

    I, Reed Berry's cousin, am writing to you with both society's and Reed's best interest in mind. I have known Reed my entire life and I have witnessed his transition into a responsible young man. His past has been a trying learning process, but his future, although uncertain, has the potential to consist of productiveness and passion.

    Beginning with the obvious, Reed has a criminal past. If one's past is the only factor to consider then it is easy to lock up an offender and throw away the key. However, if rehabilitation is a possibility, then not only does the offender have a chance at a productive life, but it also benefits society as a whole. While on parole, Reed received great reviews from his parole officer, enrolled in educational courses, and fulfilled his employment duties with dedication. Reed's maturity and confidence was undeniable and it was clear that his juvenile tendencies were behind him. He was enjoying his life and looking forward to his future. I do not consider Reed to be chronic offender by any means and believe he can be an asset to society once he has served his time. Reed has the necessary skills and the support system to live a thriving life.

    On a personal level, I know Reed to be a man of incredible intelligence, sincere compassion and charismatic character. He has the wisdom beyond his years and understands that diversity makes for a rich tapestry. Reed views individuals to be equal in

value regardless of their background. I firmly believe that he has the ability to unite human beings and contribute to society. I in no way, shape or form, view him as a risk to society. Reed has taken responsibility for his actions and is ready to move on with his life. His family is behind him throughout every step of his journey and it is with great anticipation that we will all see what his future holds.

Thank you for your consideration,

*Traci Cromwell*

Traci Cromwell

Kristine Cromwell
622 Jonquil Avenue
Lisle, Illinois 60532

January 31, 2012

US District Court Western District of Michigan
110 Michigan St NW #602
Grand Rapids, MI 49503

Character letter for Reed Stanley Berry

Dear Honorable Judge Bell,

My name is Kristine Cromwell and I am Reed Berry's aunt. Reed's father is my brother.

For Reed's entire life I have had an opportunity to spend time with him 1-2 times a year. I have watched Reed grow into a very kind and passionate man. Reed's intelligence level to read complex material, comprehend it, and convey it is on the level of an astute educator. I also am impressed with his level of kindness. This attribute always shows up when he is in the company of animals and children. It reminds me of the time when he had a stray dog follow him all the way home as if the dog instinctually knew that Reed would save him from his desperate situation.

I am very saddened by the turn of events in Reed's life. Knowing him the way I do I am sure he is regretting his poor decisions and yet will have the patience and strength to move forward in his life in a positive direction. My prayers for Reed acknowledge that he will be able to live life contributing his talents and intelligence so others can experience this wonderful man.

Thank you for your consideration Honorable Judge Bell.

Sincerely,

*Kristine Cromwell*

Kristine Cromwell

Julie S. Berry
4603 Terra Lane
St. Joseph, MI  49085


January 26, 2012

US District Court Western District of Michigan
110 Michigan St NW # 602
Grand Rapids, MI 49503

Dear Honorable Judge Bell,

My name is Julie Berry and I am Reed Berry's step-mother. I have helped raise Reed since he was about 10 years old.   I'm writing to you to share a side of Reed I feel you should know as decisions are made affecting his future.

Reed is a kind and loving soul that has struggled, as many young adults do, to find his place in society. Along the way he has made poor decisions hurting himself, but has never been a threat to other individuals or society.

In order to stay away from the vices that repeatedly caused him trouble with the law, he found the Islamic religion and a church family.   He pushed away all the "friends" he thought he had that wanted to drag him back into his old destructive patterns.  I am so proud of him.  I have seen Reed mature into a young man who realizes the choices he's made in the past are wrong. He has been working very hard to stay away from addictive habits, and focus on positive, constructive behavior to do what's right.

Reed is my oldest step-son.  I have watched him grow up in my house since 1995. He has always loved art, writing, reading, studying history and political issues.   He is an extremely intelligent person who has always been passionate about his interests and beliefs.

When Reed was 10 he learned everything there was to know about dinosaurs.  He could tell you every type of dinosaur and what period it lived in.  He then began to study history.  He absorbed himself in b books about World War II.  His history teacher in high school felt he was knowledgeable enough to teach the class on WWII.    His focus and passions continuously changed as he grew up.  Next, he focused on Political Science and then to Civil Rights. He embraced the need for equality among all races, religions and nationalities.   His favorite word has always been "why".  He has always been on a quest to understand every detail there is to know about anything that interests him, and loves to debate it.

At 16, his friends lacked his passion for knowledge.   This is when he became lost, started to make poor decisions, and struggled to understand himself and his place in society.

After 9/11 Reed became fascinated with religion, learning everything he could and trying to understand "why" there is so much hatred in this world.    His passion for information led him to books and websites that spoke from an International perspective for injustice.

While on parole for 1 ½ years he lived in our home.  He was a model parolee, held a job, and saved money.   He showed the strength and will-power to stay away from bad influences (people and vices)

Julie S. Berry
4603 Terra Lane
St. Joseph, MI  49085

that led him to trouble with the law.  He matured into a responsible young man.  The internet became his resource for knowledge and debate.   Unfortunately, this virtual world became his nemesis this time.

Reed wants more than anything to move on in his life.  He married a woman with 3 children and is ready to take on the responsibility of raising a family.  He is not a violent person.  He has never meant harm to anyone.  He has only harmed himself again and again.

As you determine a sentence, please don't just look at his history in the legal system.  Please consider Reed's personal history that includes a passion for knowledge as he's matured, and positive behavior trends toward his goal to change and become a productive member of society.

Thank you for your consideration.

Julie Berry

Dick Lyon Berry
4603 Terra Lane
Saint Joseph, MI 49085
269-428-4967

January 15, 2012

US District Court Western District of Michigan
110 Michigan St NW # 602
Grand Rapids, MI 49503

Character letter for Reed Stanley Berry

Dear Honorable Judge Bell,

My name is Dick Lyon Berry and I am Reed Stanley Berry's father. After my divorce in 1994 I was awarded legal and physical rights on a 50/50 agreement with my ex wife and the court. I did not always have Reed physically in my home, but I along with my wife, his brother, and two step brothers took a big part in raising him.

I am fully aware of Reed's recent assault charge and realize that he has taken responsibility for his actions and accepted a guilty plea.

The past few years have been a challenge for the entire family, with many of the negative times being attributed to his strong physical and mental addiction to marijuana. It was to the point that I was not sure if things would change for Reed thus making our home life very difficult.

During his last incarceration for a marijuana conviction Reed was able to find a faith that would change his life and basically end his addictions and negative actions. I saw a complete turnaround and a different person.

Reed served 18 months of his parole with high marks and I remember his parole officer commenting that he was a model parolee. He had kept a job and worked long hours and never missed a day. He completed courses and was certified by Lake Michigan College Community Business Services.

Some of these certifications included First Aid/CPR, Energy Conservation Apprenticeship Readiness Program, Green Advantage Certificate, Strength and Ergonomics, Preventing Back Injuries and other physical work related certificates. Last but not least, he finally got his GED which was a big step for Reed.

Upon completing all of these courses and becoming certified he was able to get a job from one of the students in his class who worked at a resort called Ronora Lodge and Retreat located in Watervliet, MI. He was able to take what he had learned and applied it to his new job and working environment.

The reason I have detailed this to some extent is that for the first time Reed was able to get a job, work full time, all while being well liked by his fellow coworkers and boss. I saw a complete change in Reed

Dick Lyon Berry
4603 Terra Lane
Saint Joseph, MI  49085
269-428-4967

with his attitude, self discipline, self confidence, and the ability to be responsible not only to the people he worked for but to himself.

Reed made many friends who followed the same faith, and I could see a change in him with his self confidence and self esteem. Reed was becoming a much different person, as these are two traits that he has lacked his entire life.

With his new friends there also came outside responsibilities. In particular, Reed helped members of his church find a new building to house the members, while also helping the members look into the possibility of a brand new structure. He was even engaging and socializing with people who worked within the community and in particular Whirlpool Corporation.  This was very significant for Reed and a big surprise to both me and my wife Julie.

My son Reed has a big heart and cares very much for all the members of his family. He is also very concerned about the people who are less fortunate and in particular the people of Benton Harbor. Many times he would ask for blankets, jackets, and even food that he could take and hand out to individuals that he came across within the community.

I am not going to defend my son Reed by saying he is innocent of anything he has been charged with or accused of. What I do believe about incarceration is that under the circumstances it can be helpful and it can also be damaging to the individual. The individual with the right mindset can go in and change himself in a positive way and come out a better person.

When determining my son Reed's sentence please take into account that all the people he is close to whether it be family or friends still believe in him and still support him. I personally have not given up on my son because deep down I know that he can make it and he just wants to live a normal, and meaningful life.

Thank you for your consideration Honorable Judge Bell.

Sincerely,

*Dick L. Berry*

Mr. Dick Berry