```
                    UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION


UNITED STATES OF AMERICA              Case No. 1:11-mj-82

-v-                                   Grand Rapids, Michigan
                                      September 23, 2011
REED STANLEY BERRY,                   4:32 p.m.

            Defendant.                HON. ROBERT HOLMES BELL
_____/


                         FIRST APPEARANCE
            BEFORE THE HONORABLE HUGH W. BRENNEMAN, JR.
                   UNITED STATES MAGISTRATE JUDGE




APPEARANCES:

For the Government:      Mr. Hagen Frank
                         Assistant U.S. Attorney
                         The Law Building - Fifth Floor
                         330 Ionia Avenue, NW
                         Grand Rapids, MI  49503
                         (616) 456-2404



For the Defendant:       No Appearance
```

1                    Grand Rapids, Michigan
2                    Friday, September 23, 2011 - 4:32 p.m.
3             THE COURT:  Mr. Frank, what is the next matter this
4    afternoon?
5             MR. FRANK:  Your Honor, this is the initial
6    appearance of Defendant Reed Stanley Berry in case number 1:11-
7    mj-82.
8             Mr. Berry is appearing on a one-count felony criminal
9    complaint.  He is without counsel, however, I'm aware that he
10   does have counsel retained and I've been in contact with that
11   counsel but the purpose of today's proceeding is his initial
12   appearance before the Court.
13            And Mr. Berry has been provided with a copy of the
14   criminal complaint and its supporting affidavit.
15            THE COURT:  Fine.  Thank you.
16            Are you Reed Stanley Berry?
17            THE DEFENDANT:  Yes, sir.
18            THE COURT:  Mr. Berry, could you step up to the
19   microphone there and we can talk a little easier?
20            Mr. Berry, this is the United States District Court
21   for the Western District of Michigan.  It is a federal court.
22   You are here because you've been charged in a criminal complaint
23   with forcibly assaulting, impeding, intimidating, or interfering
24   with an officer or employee of the United States using a
25   dangerous weapon while that officer was engaged in or on account

1  of the performance of official duties.
2              Did you receive a copy of this complaint?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  There are a number of pages attached to
5  it which besides the first page I think there are another three
6  pages at least.  Did you receive those as well?
7              THE DEFENDANT:  Other than that or same?
8              THE COURT:  Attached to that.  In other words this --
9              THE DEFENDANT:  Oh, you mean after the charge?  You
10 mean describing the incident?
11             THE COURT:  Yeah, there's a first page that sets out
12 the charge and --
13             THE DEFENDANT:  Yeah, that's all there.
14             THE COURT:  -- and there's three more pages of text.
15             THE DEFENDANT:  Yeah, yeah, I saw it.
16             THE COURT:  Okay.  I want to make sure you got that.
17             THE DEFENDANT:  Yeah.
18             THE COURT:  All right.  The maximum penalty for this
19 charge, if you were convicted of it, is a prison term of not more
20 than 20 years and a fine of not more than $250,000.
21             There would also be a period of supervised release
22 after any prison term of not more than three years.  There would
23 also be a mandatory special assessment of $100.
24             Do you understand all of that?
25             THE DEFENDANT:  Yes, sir.

1               THE COURT:  You have the right to have an attorney
2  represent you at all times in this matter, and if you want to
3  have an attorney and cannot afford one the Court will appoint one
4  for you at no cost to you.
5               You also have the right to remain silent.  That means
6  you don't have to talk about this case or anything pertaining to
7  it but if you do say anything about this case whatever you say
8  can be used against you in court.  Do you understand those
9  rights?
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  Now, the prosecutor indicated that you
12  have retained an attorney to represent you in this matter; is
13  that correct?
14              THE DEFENDANT:  He was attained (sic) before not in
15  regards to this specific matter as this has just come up but it
16  was beforehand.
17              THE COURT:  Is he going to represent you in regard to
18  this complaint?
19              THE DEFENDANT:  Yes, sir, I would assume so because
20  he's my retained attorney in general.
21              THE COURT:  All right.  The prosecutor stated that
22  you had talked to this attorney; is that correct?
23              MR. FRANK:  That's correct, your Honor.  I could shed
24  some light on this.
25              Within a few minutes of Mr. Berry's arrest I spoke

1  with Mr. Muawad, and I've already given his contact information
2  to the Court's case manager.
3              I spoke with him and he told me that at least for the
4  purposes of a detention hearing and a prelim that he would
5  continue to represent Mr. Berry.
6              THE COURT:  So we can expect him to appear for any
7  preliminary hearing and detention hearing in this matter if there
8  were one?
9              MR. FRANK:  That's correct, your Honor.  And just to
10 move things along, the government is going to be seeking
11 detention and we will need to have a preliminary hearing, and I
12 already spoke to Mr. Muawad about his schedule for early next
13 week.
14             THE COURT:  My case manager has just passed me a note
15 that says that Attorney Muawad -- am I pronouncing that
16 correctly--
17             THE DEFENDANT:  Muawad.
18             THE COURT:  Muawad?
19             THE DEFENDANT:  Yeah.
20             THE COURT:  All right.  -- states that he can appear
21 at a hearing next week but he doesn't know if the family will be
22 able to retain him in this instance and so we may need to appoint
23 an attorney for the defendant.
24             The message I'm getting between that report and what
25 you've said, Mr. Frank, is that -- and Mr. Berry -- is that the

6

1  attorney can appear next week but may not remain on the case
2  after that.
3              MR. FRANK:  That's my understanding, your Honor.
4              THE COURT:  All right.
5              Mr. Berry, is that your understanding?
6              THE DEFENDANT:  Basically, yeah.
7              THE COURT:  All right.  Well, as I said you have the
8  right to an attorney at all times regardless of whether or not
9  you can afford that attorney.
10             And even if you can or your family can retain an
11 attorney, if you are unable to continue to retain that attorney
12 for some reason and you cannot obtain other counsel you could
13 come back to the Court at that time and ask the Court to appoint
14 you an attorney and the Court would do that and at no cost to you
15 if you could not afford that person.
16             My question to you at this point is simply if it
17 doesn't appear that your attorney in Detroit is going to be able
18 to continue to represent you and you're going to need a court-
19 appointed attorney do you want the Court to go ahead and appoint
20 an attorney for you at this time right from the beginning, or do
21 you want to wait until next week and see what happens?
22             THE DEFENDANT:  I think it's better to wait.
23             THE COURT:  All right.  So you are not asking the
24 Court to appoint you an attorney today; is that correct?
25             THE DEFENDANT:  Yes, sir.

1              THE COURT:  All right.  And we are going to assume
2  that your attorney that you have retained or your family has
3  retained from Detroit will appear next week.
4              THE DEFENDANT:  Yes, sir.
5              THE COURT:  All right.  Now, the government --
6              THE DEFENDANT:  Can I make a statement about that, of
7  the attorney?
8              THE COURT:  About your attorney?
9              THE DEFENDANT:  I just want to put forward the
10 request that if I do have to be appointed a public defender,
11 right, that it be this individual, Muawad.
12             THE COURT:  All right.  Let me tell you how that
13 works.
14             THE DEFENDANT:  He just told me that if this
15 situation ever came up that he would like to defend me publicly
16 if he had to, and for me to just stress the point that I'm
17 requesting this.  Whether it can happen or not I'm just making
18 the request to you.
19             THE COURT:  So noted.  We draw our attorneys from two
20 sources.  One is the Federal Public Defender's office; the other
21 is a list of attorneys approved for court appointment.
22             I suspect he is not on that list because, first, I
23 haven't heard his name.  Second, he's from Detroit and normally
24 the attorneys that we appoint are from the western side of the
25 state --

```
 1                    THE DEFENDANT:  Okay.
 2                    THE COURT:  -- since this is where the court is.
 3                    So he would not be somebody we would appoint under
 4    normal circumstances.  That's the best answer I can give you
 5    right now.
 6                    THE DEFENDANT:  I just wanted to make sure that I did
 7    say it at least.
 8                    THE COURT:  All right.  You did and it's on the
 9    record.  Okay.
10                    The government is asking that you be detained pending
11    trial in this matter as I understand Mr. Frank; is that correct?
12                    MR. FRANK:  That's correct, your Honor, on the basis
13    of both risk of flight and danger, and we'd ask for three days to
14    prepare for the hearing.
15                    THE COURT:  First of all, Mr. Berry, do you
16    understand the charge against you?
17                    THE DEFENDANT:  Yeah, basically, yeah.
18                    THE COURT:  Okay.  Do you understand the maximum
19    penalty for it?
20                    THE DEFENDANT:  Yeah, very much.
21                    THE COURT:  I believe I read that to you, didn't I?
22                    THE DEFENDANT:  Yes, sir.
23                    THE COURT:  Okay.  It's been a long day.  I want to
24    make sure that I didn't forget something but that's the charge,
25    that's the penalty.
```

1               At this stage you have the right to a preliminary
2    hearing to determine if there is probable cause to believe that
3    you committed this offense unless this matter gets to the grand
4    jury within the next three business days.
5               Mr. Frank, is this matter going to reach the grand
6    jury within the next three business days?
7               MR. FRANK:  No, your Honor, we'll need the hearing.
8               THE COURT:  All right.  So you are entitled to a
9    preliminary hearing and the government has also asked that you be
10   held in jail until trial.
11              Before the Court makes that determination you have
12   the right to another hearing.  That's called a detention hearing.
13   Some people might refer to it as a bond hearing or a bail
14   hearing.
15              These two hearings are normally held at the same
16   time.  At each of these hearings you have the right to be
17   represented by your attorney.  You have the right to confront and
18   cross-examine witnesses called to testify against you.  You have
19   the right to call witnesses to testify on your behalf.  If you
20   want somebody to come in who doesn't want to appear voluntarily
21   you can obtain a court order to have him brought in.
22              Your attorney can present other evidence on your
23   behalf and you have the right to testify at these hearings or not
24   testify at these hearings as you choose because you always have
25   the right to remain silent.  You never have to say a thing about

1  this case.
2           You also have a right to ask for a short continuance
3  to prepare for these hearings if you or your attorney feel it's
4  necessary.
5           So you have decided to remain with your retained
6  attorney at this time and so the Court will not appoint an
7  attorney.  If you change your mind or if it becomes evident next
8  week that you need an attorney and you want to have one appointed
9  the Court will do that.
10          We'll also set this for a preliminary hearing as well
11 as a detention hearing within the next three business days.  In
12 fact, we're going to set this for next Wednesday.  In the
13 meantime, you are remanded to the marshal's custody.
14          Do you have any questions?
15          THE DEFENDANT:  No, sir.
16          THE COURT:  All right.
17          Mr. Frank, anything further?
18          MR. FRANK:  Not for the government.  Thank you, sir.
19          THE COURT:  Fine.  Thank you.
20          (At 4:42 p.m., proceedings adjourned)
21                              _ _ _ _ _

                                                                    11

CERTIFICATE


    I, Patricia R. Pritchard, CER 3752, Certified Electronic Court Reporter for the State of Michigan, do hereby certify that the foregoing pages, 1 through 11, inclusive, comprise a full, true and correct transcript, to the best of my ability, of the proceedings and testimony recorded in the above-entitled cause.


September 13, 2012              Patricia R. Pritchard  /S/
                                Patricia R. Pritchard, CER 3752