```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION


_____

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                      File No. 1:11-CR-287

REED STANLEY BERRY,

        Defendant.
_____/
```

Change of Plea Hearing

Before

THE HONORABLE ROBERT HOLMES BELL
United States District Judge
December 12, 2011


APPEARANCES


```
HAGEN W. FRANK                    ELIAS MUAWAD
Assistant U.S. Attorney           36700 Woodward Ave.
P.O. Box 208                      Suite 209
Grand Rapids, MI 49501            Bloomfield Hills, MI 48304
Attorney for Plaintiff            Attorney for Defendant
```

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter

```
 1                                      Grand Rapids, Michigan
 2                                      December 12, 2011
 3                                      1:33 p.m.
 4                                -  -  -
 5
 6                       P R O C E E D I N G S
 7
 8           THE COURT:  This is the matter of United States v.
 9   Reed Stanley Berry.  This is the Court's docket number
10   11-CR-287.  Mr. Frank represents the United States Attorney's
11   Office.  Mr. Muawad represents Mr. Berry as retained counsel
12   in this matter.
13           Counsel, I have a plea agreement before me of some
14   eight pages, and the last page of that plea agreement
15   indicates that you are Mr. Berry's attorney, you've carefully
16   discussed every part of this plea agreement with your client,
17   and you've fully advised him of his rights and defenses and
18   the sentencing provisions and the consequences of entering
19   into this agreement.  Is that correct?
20           MR. MUAWAD:  That is correct.
21           THE COURT:  And you indicate to your knowledge your
22   client's decision to enter into this agreement is an informed
23   and voluntary one.  Is that right?
24           MR. MUAWAD:  Yes.
25           THE COURT:  And that it calls for a plea to be
```

```
 1    tendered to the outstanding indictment?
 2             MR. MUAWAD:  Yes.
 3             THE COURT:  If you and your client could approach
 4    the podium, please.
 5             You are Reed Stanley Berry?
 6             DEFENDANT BERRY:  Yes, sir.
 7             THE COURT:  If you'd please raise your right hand.
 8    (Defendant Berry was sworn by the Court.)
 9             THE COURT:  Okay.  Do you understand the importance
10    of truthfulness to these proceedings and the penalty of
11    perjury if you should not tell the truth?
12             DEFENDANT BERRY:  Yes, sir.
13             THE COURT:  Is there anything mentally or physically
14    that would in any way interfere with your ability to
15    participate in these proceedings this afternoon?
16             DEFENDANT BERRY:  No, sir.
17             THE COURT:  Is this your signature on the last page
18    of this plea agreement?
19             DEFENDANT BERRY:  The last page, yes, sir.
20             THE COURT:  Now, above your signature it says that
21    you've read this agreement and carefully discussed it with
22    your attorney and you understand this agreement and agree to
23    its terms.  Is that correct?
24             DEFENDANT BERRY:  Yes, sir.
25             THE COURT:  And in Paragraph 1 of this plea
```

```
 1   agreement it indicates that you intend to enter a guilty plea
 2   to this indictment.  Is that right?
 3           DEFENDANT BERRY:  Yes, sir.
 4           THE COURT:  It indicates your attorney has advised
 5   you of your rights and possible defenses, the sentencing
 6   provisions, and the consequences of entering into this plea?
 7           DEFENDANT BERRY:  Yes, sir.
 8           THE COURT:  And that no other promises or any
 9   inducements or any other agreements have been made other than
10   those contained within this plea agreement.  Do you understand
11   that?
12           DEFENDANT BERRY:  Yes, sir.
13           THE COURT:  And that no one has threatened you in
14   any way; is that right?
15           DEFENDANT BERRY:  No, sir.
16           THE COURT:  And that you are satisfied with your
17   lawyer and his representations; is that right?
18           DEFENDANT BERRY:  Yes, sir.
19           THE COURT:  Have you had enough opportunity or an
20   ample opportunity to thoroughly discuss this matter such that
21   you feel prepared today to enter a plea?
22           DEFENDANT BERRY:  Yes, sir.
23           THE COURT:  Do you understand that you have the
24   right to be represented by a lawyer throughout any proceedings
25   that are held in this matter?
```

```
 1                DEFENDANT BERRY:  Yes, sir.
 2                THE COURT:  This indictment alleges that on or about
 3   September 9th of 2011, some three months ago, approximately,
 4   in Berrien County here in the southwest corner of the Western
 5   District of Michigan, that you did intentionally use a deadly
 6   and/or dangerous weapon, being an automobile, to forcibly
 7   assault, impede, intimidate or interfere with an officer or
 8   employee of the United States, being Federal Bureau of
 9   Investigation Special Agent Samuel J. Moore, while the officer
10   was engaged in and on account of the performance of his
11   official duties.
12                DEFENDANT BERRY:  Yes, sir.
13                THE COURT:  You understand that?
14                DEFENDANT BERRY:  Yes, I do.  Yes, sir.
15                THE COURT:  What plea would you wish to enter to
16   that charge, that of guilty or not guilty?
17                DEFENDANT BERRY:  Guilty.
18                THE COURT:  By entering a guilty plea do you
19   understand that you would give up a trial or waive the right
20   to a trial before a judge or a jury in this courtroom?
21                DEFENDANT BERRY:  Yes, sir.
22                THE COURT:  Do you understand that you would give up
23   the right to question the government's witnesses at a trial,
24   that you'd give up the right to subpoena and call witnesses on
25   your own behalf and present evidence on your own behalf,
```

```
 1    including your right to testify on your own behalf?
 2              DEFENDANT BERRY:  Yes, sir.
 3              THE COURT:  Do you understand that no one could ever
 4    force you to give testimony or comment if you did not give
 5    testimony at trial?
 6              DEFENDANT BERRY:  Yes, sir.
 7              THE COURT:  Do you understand that a guilty plea
 8    that you might tender to this Court at this time means then
 9    that you are forever giving up the right to a trial, and a
10    guilty plea, if accepted, would result in your conviction and
11    eventually in a sentence this Court would be required to
12    impose?
13              DEFENDANT BERRY:  Yes, sir.
14              THE COURT:  Any questions about these procedures?
15              DEFENDANT BERRY:  No, sir.
16              THE COURT:  Do you have any questions about this
17    charge that I have read to you?
18              DEFENDANT BERRY:  No, sir.
19              THE COURT:  Do you understand that this charge
20    carries a maximum penalty of up to 20 years and/or up to a
21    $250,000 fine followed by a period of supervised release of up
22    to three years and a $100 special assessment that this Court
23    would be required to impose; and in addition to these maximum
24    penalties, this Court would be required to review certain
25    sentence guidelines that are concerning the presumptive
```

1    sentence that this Court might employ in this matter?
2             DEFENDANT BERRY:  Yes, sir.
3             THE COURT:  Are you a United States citizen?
4             DEFENDANT BERRY:  Yes, sir.
5             THE COURT:  Has anyone as it pertains to this plea
6    made any promises other than the plea agreement and other than
7    the maximum penalties here that have been outlined to you?
8             DEFENDANT BERRY:  No, sir.
9             THE COURT:  Anyone made any promises of leniency or
10   implied or predicted what the sentence of this Court might
11   be?
12            DEFENDANT BERRY:  No, sir.
13            THE COURT:  Is your plea undertaken freely and
14   voluntarily this afternoon?
15            DEFENDANT BERRY:  Yes, sir.
16            THE COURT:  Tell me in your own words what you did
17   that you believe makes you guilty.
18            DEFENDANT BERRY:  I'm pleading guilty to forcibly
19   using my car to try to hit an agent of the federal
20   government's own vehicle, and that's what I'm pleading guilty
21   to.
22            THE COURT:  Did you understand or have reason to
23   believe that the car that you were attempting to hit had a law
24   enforcement officer in it?
25            DEFENDANT BERRY:  Yes, sir.

```
 1              THE COURT:  Obviously it must have been unsuccessful
 2   in terms of hitting him.  Did you come reasonably close to
 3   being -- doing what you intended?
 4              DEFENDANT BERRY:  No, sir.
 5              THE COURT:  What I mean is you were using your
 6   vehicle to try and strike another vehicle?
 7              DEFENDANT BERRY:  Yeah.  Yes, sir.
 8              THE COURT:  Did you come within inches or feet of
 9   that vehicle in some way or another?
10              DEFENDANT BERRY:  It would be more feet than inches.
11              THE COURT:  Right.  What I mean is did you close a
12   distance between you and the other vehicle in an attempt to
13   strike that vehicle?
14              MR. MUAWAD:  Do you understand the question?
15              DEFENDANT BERRY:  Yeah.
16              MR. MUAWAD:  When you were going in reverse, you
17   were getting closer to the agent in his car, so you were
18   closing the distance in between your car and his car.  Would
19   you agree with that?
20              DEFENDANT BERRY:  Oh, yes.
21              THE COURT:  Okay.  Thank you.
22              MR. MUAWAD:  Sorry, Judge.
23              THE COURT:  And where did this occur, sir?
24              DEFENDANT BERRY:  In the city of St. Joseph,
25   Michigan, Berrien County.
```

```
 1                THE COURT:  Okay.  Did you know or have reason to
 2    believe that that officer was acting as an officer at the time
 3    as opposed to that officer going to get groceries and going to
 4    a ballgame or something?
 5                DEFENDANT BERRY:  Yes, sir.
 6                THE COURT:  Okay.  When was that, do you recall?
 7                MR. MUAWAD:  Remember the date?
 8                DEFENDANT BERRY:  No.  September 9th, 2011.
 9                THE COURT:  Okay.  What was your purpose -- last
10    question.  What was your purpose in attempting to strike this
11    vehicle?
12                DEFENDANT BERRY:  I'm pleading guilty to everything
13    that's inside this plea agreement and --
14                THE COURT:  Well, it says here --
15                DEFENDANT BERRY:  It doesn't state --
16                MR. MUAWAD:  Hold on.  Hold on.
17                THE COURT:  It says here that you used the vehicle
18    to forcibly assault, impede, intimidate and interfere with an
19    officer.  Is that what you intended to do?
20                DEFENDANT BERRY:  Yeah.  That's what I -- I didn't
21    know the right way I should have worded it, so --
22                THE COURT:  And I didn't word the question very
23    clearly.  But it was your intention to interfere or impede
24    him?
25                DEFENDANT BERRY:  Yes.
```

```
 1                THE COURT:  Okay.  Did you know who that person was
 2    that you were -- that was driving that vehicle?
 3                MR. MUAWAD:  Did you know he was an agent or --
 4                THE COURT:  Did you know that person personally?
 5                DEFENDANT BERRY:  No, sir.
 6                THE COURT:  Okay.
 7                DEFENDANT BERRY:  I never seen him before in my
 8    life.
 9                THE COURT:  Had you had difficulty with law
10    enforcement before you did this?
11                DEFENDANT BERRY:  I've been -- I've been in trouble
12    before, not with these particular people per se, but with the
13    state.  When I was younger I had been caught with, you know,
14    charged with possession of marijuana, and then I've been to
15    prison for possession of marijuana.  So I have been in trouble
16    in the past.
17                THE COURT:  Okay.  Mr. Frank, additional questions
18    you'd wish to ask to establish the factual basis?
19                MR. FRANK:  Just regarding the stipulation of fact
20    that's in the plea agreement, Your Honor.
21                Mr. Berry, your plea agreement has a stipulation of
22    fact that has a bunch of factual assertions in it.  Before you
23    signed your agreement, did you read that?
24                DEFENDANT BERRY:  Yes, sir.
25                MR. FRANK:  Are all those facts correct?
```

```
 1                DEFENDANT BERRY:  Yes, sir.
 2                MR. FRANK:  Nothing else, Your Honor, thank you.
 3                THE COURT:  You're talking about Paragraph 5?
 4                MR. FRANK:  Yes, Your Honor, that's correct, on
 5   Page -- starts on Page 3 of the agreement.
 6                THE COURT:  Okay.  Mr. Muawad, any additional
 7   questions you believe should be asked?
 8                MR. MUAWAD:  No, Your Honor, thank you.  No.
 9                THE COURT:  The following are the findings of this
10   Court:  that this plea appears to be freely and voluntarily
11   entered without promises of leniency or coercion.  The Court
12   finds this indictment as it now stands factually accurate, and
13   together with the stipulations and testimony taken under oath,
14   this Court finds the defendant is actually guilty and he
15   hereby stands convicted.  The plea agreement this Court finds
16   is accepted, and a presentence report should be ordered to be
17   prepared preparatory for sentencing.
18                Mr. Muawad, I have a tentative sentencing date in
19   this case of April 10th, 2012, first thing in the afternoon at
20   1:15 if that would suit your schedule.
21                MR. MUAWAD:  Judge, I don't see any problem with
22   that date at all.  Obviously if something arises I would let
23   you know, but that's fine, April 10th.
24                THE COURT:  Okay.  Mr. Frank, is that agreeable with
25   you?
```

```
 1                MR. FRANK:  That's fine, sir.
 2                THE COURT:  It's my understanding that a detention
 3    order was entered --
 4                MR. MUAWAD:  Right.
 5                THE COURT:  -- by the magistrate judge; is that
 6    right?
 7                MR. MUAWAD:  Yes.
 8                THE COURT:  Very well.  That detention order will be
 9    continued, then, in absence of proof to the contrary, and that
10    will be all until we see one another on April the 10th and
11    until we start the process of a presentence report.
12                MR. MUAWAD:  Have a good Christmas and New Year's.
13                THE COURT:  Thank you.  You too.  Thank you.
14                     (Proceedings concluded at 1:47 p.m.)
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATE OF REPORTER

      I, Kevin W. Gaugier, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a true and correct transcript of the proceedings had in the within-entitled and numbered cause on the date hereinbefore set forth.

      I do further certify that the foregoing transcript was prepared by me.

<u>/s/  Kevin W. Gaugier</u>

Kevin W. Gaugier, CSR-3065
U.S. District Court Reporter
110 Michigan N.W.
622 Federal Building
Grand Rapids, MI 49503