# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:    Reed Stanley Berry                                              Case Number: 1:11:CR:287

Name of Sentencing Judicial Officer: The Honorable Robert Holmes Bell
U.S. District Judge

Name of Presiding Judicial Officer: The Honorable Paul L. Maloney
U.S. District Judge

Date of Original Sentence: April 19, 2012

Original Offense: Assault with a Dangerous Weapon Against a Federal Officer;
18 U.S.C. § 111(a)(1) and (b)

Original Sentence: 92 months imprisonment and 3 years supervised release. Special Conditions:
(1) substance abuse testing/treatment, as directed; (2) no use of alcohol; (3) mental health treatment, as directed; (4) full-time employment; (5) 10:00 p.m. to 6:00 a.m. curfew with location monitoring for 12 months; and (6) no contact with ex-felons or persons in criminal justice system without permission. Special Assessment, $100.00 (paid). Fine, $1,000.00 ($965.00 balance).

Type of Supervision: Supervised Release                    Date Supervision Commenced: May 25, 2018
                                                                                        Expiration Date: May 24, 2021

Assistant U.S. Attorney: Hagen Frank                                           Defense Attorney: Steven R. Jager

## PETITIONING THE COURT

[X]    To issue a warrant

The probation officer believes that the offender has violated the following conditions of supervision:

### Violation Number 1

**Mandatory Condition: "You must not commit another federal, state, or local crime."**

On or about November 6, 2018, Mr. Berry committed the crime of Police Officer- Assaulting, Resisting and/or Obstructing, in violation of MCL 750.81d(1), a felony punishable by up to two years imprisonment and/or a fine of not more than $2,000.00.

**Violation Number 2**

**Mandatory Condition: "You must not commit another federal, state, or local crime."**

On or about November 6, 2018, Mr. Berry committed the crime of Operating While Intoxicated OWI, in violation of MCL 257.625(1), a misdemeanor punishable by up to 93 days imprisonment and/or a fine of not more than $500.00.

**Nature of Noncompliance for Violations 1-2**

According to the Kentwood Police Department (KPD) incident report number 2018-23990, on or about November 6, 2018, at approximately 6:00 p.m., KPD was dispatched to a Gluten Free Factory on a report of disorderly conduct at the place of business. Upon arriving at the scene, a KPD officer observed Mr. Berry in a running vehicle, and the officer heard the doors lock as he/she approached the vehicle. The officer observed Mr. Berry light a marijuana cigarette and smelled a strong marijuana odor coming from the vehicle. The officer identified himself/herself and tried to open the car door, but was unable to do so. Mr. Reed would not make contact with the officer, and instead turned up his music loudly. The KPD officer stated Mr. Reed would go from being angry to crying spells while they attempted to get him to open the vehicle doors. He smoked the entire marijuana cigarette while KPD was standing outside the vehicle. Mr. Reed was told officers would be forced to break the window of his car if he did not open the doors. Mr. Reed grabbed a pill bottle and ingested the unknown contents. At that time, officers broke his vehicle window and pulled him from the car, and he was placed in handcuffs. Mr. Berry was crying and swearing at officers at this point. He would not consent to a chemical breath test. A warrant was later granted for a blood draw. Mr. Berry was arrested and transported to Kent County Correctional Facility in Grand Rapids.

Mr. Berry is charged in 62-B District Court, Grand Rapids, Michigan with Police Officer- Assaulting, Resisting and/or Obstructing and Operating While Intoxicated in Docket Number 18-60278-FY. Mr. Berry was arraigned on these charges November 7, 2018, and was given a $25,000.00 cash surety bond, which he has not posted. This case remains pending.

**Violation Number 3**

**Mandatory Condition: "You must not commit another federal, state, or local crime."**

On or about August 22, September 10, September 11, September 26, October 10, October 20, and 24, 2018, Mr. Berry, committed the crime, Possession of Marijuana, in violation of 21 U.S.C. § 844(a), punishable by not less than 90 days but not more than three years imprisonment and a minimum fine of $5,000.00, based on two or more prior drug convictions.

**Violation Number 4**

**Mandatory Condition: "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court."**

On or about August 22, September 10, September 11, September 26, October 10, October 20, and 24, 2018, Mr. Berry possessed and used marijuana.

### Nature of Noncompliance for Violations 3-4

Mr. Berry tested positive for marijuana on August 22, September 10, September 11 and September 26, 2018. All of the drug tests were confirmed positive by Alere Toxicology Services, Gretna, Louisiana. On October 3, 2018, this officer discussed Mr. Berry's positive drug tests, at which time he admitted to marijuana use. Mr. Berry explained he just started new mental health medications, which had not taken affect yet. He stated using marijuana helps him deal with his extreme anxiety. Mr. Berry was given a verbal reprimand for his use of marijuana and asked to sign a Waiver of Hearing for ninety (90) days at a Residential Re-Entry Center (RRC). Mr. Berry had concerns about placement in an RRC and the possibility of not being able to maintain his employment in the Grand Rapids area. He was informed the availability at the Grand Rapids RRC fluctuates and it was not guaranteed he would be placed there if he signed the waiver. Mr. Berry advised he wanted to speak to the Court about his non-compliance. A report was submitted to the Court Requesting a Summons and Modification of the Conditions or Term of Supervision due to Mr. Berry's admission of marijuana use; but, his refusal to agree to the modification. A court hearing was scheduled in from of Your Honor on November 8, 2018, to discuss the matter.

Since the scheduling of the hearing, Mr. Berry has tested positive for marijuana on October 10, October 20, and 24, 2018. All of the drug tests were confirmed positive by Alere Toxicology Services, Gretna, Louisiana. Mr. Berry was honest about his use of marijuana when questioned and admitted he used the substance regularly to this writer. On November 2, 2018, during an unscheduled home visit, Mr. Berry admitted using marijuana that morning when this writer questioned that his residence had a marijuana odor.

### Violation Number 5

**Special Condition Number 1: "You must participate in a program of testing and treatment for substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and must pay at least a portion of the cost according to your ability, as determined by the probation officer."**

In October 2018, Mr. Berry failed to participate in substance abuse treatment as directed.

### Nature of Noncompliance for Violation 5

Mr. Berry was referred to and instructed to attend group and individual substance abuse treatment. In the month of October 2018, he failed to attend any substance abuse treatment as directed.

### Violation Number 6

**Special Condition Number 3: "You must participate in a program of mental health treatment, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer, and must pay at least a portion of the cost according to your ability, as determined by the probation officer."**

In October 2018, Mr. Berry failed to participate in mental health treatment as directed.

**Nature of Noncompliance for Violation 6**

Mr. Berry was referred and instructed to attend individual mental health treatment and a psychological examination for medicine monitoring. On September 25, 2018, Mr. Berry completed a psychological examination and was diagnosed with Post Traumatic Stress Disorder (PTSD), with symptoms of anxiety and depression. He was prescribed Vistaril and Zoloft to aid with his symptoms.

On October 30, 2018, Mr. Berry failed to attend his medicine monitoring appointment. In the month of October 2018, Mr. Berry did not attend any appointments for individual mental health treatment which he was to attend bi-weekly.

**Violation Number 7**

**Special Condition Number 5: "The defendant shall participate in home confinement/curfew with electronic monitoring for a period of 12 months, as arranged by the probation officer. During this time, the defendant is restricted to his place of residence every day from 10:00 p.m. to 6:00 a.m., unless excused by the probation officer. The defendant shall maintain a telephone at his/her place of residence without any call forwarding, caller ID, call waiting, modems, answering machines, cordless telephones, or other special services for the above period. At the discretion of the probation officer, the defendant shall wear an electronic device, shall observe the program rules, and shall pay the costs of electronic monitoring, as directed by the probation officer."**

On or about November 5, 2018, Mr. Berry failed to participate in home confinement with electronic monitoring as directed.

**Nature of Noncompliance for Violation 7**

On November 5, 2018, at about 9:00 p.m., Mr. Berry emailed this writer stating he may be late for his 10:00 p.m. curfew because he needed to bring his girlfriend and her child something to eat. This writer stated he needed to be in his residence by 10:00 p.m., when he was not working. On November 5, 2018, Mr. Berry failed to return to his residence by his curfew and instead returned November 6, 2018, about 12:30 a.m. After entering his residence, Mr. Berry left again and did not return to his residence until around 3:00 a.m. on November 6, 2018.

**Previous Violations**

- **July 11, 2018**: Report on Offender: Offender submitted diluted urine specimens for testing on May 30 and June 4, 2018, tested positive for marijuana June 12, 2018, and failed to attend drug testing June 19, 2018. Mr. Berry was referred for substance abuse treatment and his location monitoring was restricted for thirty days. Your Honor agreed with the recommendation for no Court action.

- **August 22, 2018**: Report on Offender: Offender tested positive for marijuana on July 2, July 11, July 16, August 6 and August 8, 2018. Mr. Berry continued attending substance abuse treatment

and mental health treatment, and was referred for a psychological examination to include medication. Your Honor agreed with the recommendation for no Court action.

- **October 15, 2018:** Summons requested for modification of conditions to include 90 days RRC due to Mr. Berry's continued use of marijuana. The petition remains pending before the Court.

**U.S. Probation Officer Recommendation:**

The Supervised Release should be
   [X] revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2018

Approved,

by /s/ Scott M. Lopofsky
Scott M. Lopofsky
Supervisory U.S. Probation Officer
Date: November 8, 2018

Respectfully submitted,

by /s/ Tonika R. Cooper
Tonika R. Cooper
U.S. Probation Officer
Date: November 8, 2018

THE COURT ORDERS:

☐   No Action
☒   The Issuance of a Warrant
☐   The Issuance of a Summons
☐   Other

/s/ Paul L. Maloney
The Honorable Paul L. Maloney
U.S. District Judge

November 8, 2018
Date