# UNITED STATES DISTRICT COURT
## Western District of Michigan

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| -vs- | (For **Revocation** of Probation or Supervised Release) |
| REED STANLEY BERRY | Case Number:  1:11-cr-287-01 |
| | USM Number: 16114-040 |
| | David L. Kaczor<br>Defendant's Attorney |

**THE DEFENDANT:**

☒ admitted guilt to violation of Mandatory Conditions, Special Conditions #1, #3, and #5 of the term of supervision.

☐ was found in violation of _____ after a denial of guilt

| Violation Number | Nature of Violation |
|---|---|
| One | New criminal conduct – Attempted Assaulting, Resisting and/or Obstruction |
| Two | New criminal conduct - Operating While Intoxicated |
| Three | New criminal conduct - Possession of Marijuana |
| Four | Possession/Use of Marijuana |
| Five | Failure to participate in Substance Abuse Treatment |
| Six | Failure to Participate in Mental Health Treatment |
| Seven | Failure to Participate in Home Confinement |

The defendant is sentenced as provided in the following pages of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: June 11, 2019

DATED:  June 11, 2019

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

AO 245D (MIWD Rev. 09/11)- Judgment in a Criminal Case for Revocations
Judgment – Page 2
Defendant: REED STANLEY BERRY
Case Number: 1:11-cr-287-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **eighteen (18) months, consecutive to the term imposed by the Kent County Circuit Court in Docket No. 18-60278-FY**.

☒ The court makes the following recommendations to the Bureau of Prisons:

That the defendant receive a substance abuse assessment and recommended treatment.

That the defendant receive a mental health evaluation and recommended treatment.

That the defendant be designated to a correctional facility close to family in Greenwood, AR.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ on _____

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2:00 P.M. on _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy United States Marshal

<u>AO 245D (MIWD Rev. 09/11)- Judgment in a Criminal Case for Revocations</u>
Judgment – Page 3
Defendant: REED STANLEY BERRY
Case Number: 1:11-cr-287-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **eighteen (18) months**.  The Court approves release to the Western District of Arkansas and will consider a transfer of jurisdiction to same upon request of the Probation Office.

## MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☐ You must cooperate in the collection of DNA as directed by the probation officer.

5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)* You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245D (MIWD Rev. 09/11)- Judgment in a Criminal Case for Revocations
Judgment – Page 4
Defendant: REED STANLEY BERRY
Case Number: 1:11-cr-287-01

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the Court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer.  If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.  If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.  The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245D (MIWD Rev. 09/11)- Judgment in a Criminal Case for Revocations
Judgment – Page 5
Defendant: REED STANLEY BERRY
Case Number: 1:11-cr-287-01

## SPECIAL CONDITIONS OF SUPERVISION

1. You must participate in a program of testing and treatment of substance abuse, as directed by the probation officer, and follow the rules and regulations of that program until such time as you are released from the program by the probation officer and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

2. You must not use/possess any alcoholic beverages and must not frequent any establishments whose primary purpose is the sale/serving of alcohol.

3. You must participate in a program of mental health treatment, as directed by the probation officer, and follow the rules and regulations of that program, until such time as you are released from the program by the probation officer and must pay at least a portion of the cost according to your ability, as determined by the probation officer.

4. You will be monitored by a form of location monitoring technology at the discretion of the probation officer for a period of **199 days** and must abide by all technology requirements. You must pay all or part of the costs of participation in the location monitoring program as directed by the probation officer. The form of location monitoring technology will be utilized to monitor the following restriction on your movement in the community as well as other court-imposed conditions of release. [X] Home Detention: You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligation; or other activities as pre-approved by the probation officer. The cost of location monitoring is based on the selected monitoring technology and subject to change depending on vendor availability, services rendered, and contracts negotiated and selected by the Administrative Office of the U.S. Courts.

5. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

6. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when a reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. You must pay the remaining balance of the fine at a monthly rate of at least $50.00. Fine payments are to commence no later than 60 days after release from custody.

8. If deemed necessary by the probation officer because you do not have an approved residence, you shall reside at a Residential Re-Entry Center (RRC) as designated by the Bureau of Prisons (BOP) for a period of **four (4)** months. While at the RRC, you shall abide by all rules and regulations of the program and shall receive work release at the direction of the probation officer.

AO 245D (MIWD Rev. 09/11)- Judgment in a Criminal Case for Revocations
Judgment – Page 6
Defendant: REED STANLEY BERRY
Case Number: 1:11-cr-287-01

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the following pages.

| **Assessment** | **Outstanding Fine Balance** | **Restitution** |
|---|---|---|
| -0- | $965.00 | -0- |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

D  ☒  Payment in monthly installments of at least $50.00, to commence 60 days after release from imprisonment to a term of supervision